IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE CO., | |
| Plaintiff. | |
| v. | Civil Action Number 3:02CV050-JRS |
| A.T. MASSEY COAL CO., et al., | |
| Defendants. | |

## ORDER

THIS MATTER comes before the Court on a Joint Motion to Vacate the August 2, 2002 Order granting Plaintiff Lexington Insurance Co.'s ("Lexington") motion for summary judgment. In that Judgment, the Court declared that Lexington did not have a duty to defend or indemnify A.T. Massey ("Massey") and others against claims brought by employees of Minnix Mining Machinery Repair. The Court ultimately determined that the exclusions in the insurance policy barred the requested coverage. Massey appealed that Judgment.

At the time the parties filed the Motion to Vacate, Massey's appeal was still pending before the Fourth Circuit Court of Appeals. This Court's jurisdiction over the Motion was, therefore, limited to denying it as frivolous or to indicate by separate memorandum the Court's willingness to grant the Rule 60(b) Motion. See Fobian v. Storage Technology Corp., 164 F.3d 887 (4th Cir. 1999). Pursuant to Fobian, the Court issued a Memorandum expressing its inclination to grant the parties' Motion. On June 7, 2005, the Fourth Circuit entered an order remanding the case for the limited purpose of considering the parties' Rule 60(b) motion.

On September 3, 2002, the collective defendants filed a notice of appeal from the Court's grant of summary judgment. After months of negotiations and almost three years on the Court of Appeals' docket, Lexington and Massey represent in their Motion to Vacate that they reached a confidential settlement agreement and request that the Court vacate its Final Order pursuant to Rule 60(b)(6) in order to facilitate that settlement. The parties assert that the Court's Judgment will possibly impact their continued relationship under the insurance policies.

Rule 60(b) provides, in relevant part, that

> [o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civil P. 60(b)(6). The Rule also provides that a motion under subsection (b)(6) be made within a reasonable time. The parties contend that Rule 60(b)(6) is the proper vehicle to enable the Court to vacate a judgment on the ground that the parties reached a post-judgment settlement. Indeed, the parties insist that their desire to avoid the prejudicial effect of the Court's judgment on their continued relationship amounts to an exceptional circumstances that justifies the requested relief.

According to the Fourth Circuit, "Rule 60(b) does not, by its terms, authorize vacatur; rather, the Rule authorizes only relief from judgment." Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 (4th Cir. 2000) (internal quotations omitted). However, the Supreme Court held that Rule 60(b)(6) "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." Id. (quoting Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 (1988). But Rule 60(b)(6) is not to be lightly employed; the Supreme Court

instructs that "extraordinary circumstances" are required to bring such a motion within the "other reason" language of Rule 60(b)(6). Liljeberg, 486 U.S. at 863 n.11.

In the interests of promoting the parties' continued desire to pursue their contractual relationship, the Parties' Motion to Vacate the Court's Final Order entered on August 2, 2002, is hereby GRANTED in order to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civil P. 1. However, Plaintiff is INSTRUCTED to file a stipulation of dismissal pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, indicating that the Complaint is dismissed with prejudice, within fourteen (14) days of the date of entry of this Order. If a response is not received in accordance with this Order within the specified time period, the Court will take such action as is necessary to terminate this matter from its docket.

Let the Clerk send a copy of this Order to all counsel of record.

It is SO ORDERED.

ENTERED this  9th  day of JUNE, 2005

                                                   /s/ James R. Spencer  
                                                   UNITED STATES DISTRICT JUDGE